# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| HENRY E. SMITH,<br><br>        Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>        Defendant. | 2:11-CV-90 JCM (RJJ) |

**ORDER**

Presently before the court is defendant the United States of America's motion to dismiss. (Doc. # 10). Plaintiff Henry Smith filed an opposition. (Doc. #12). Defendant United States filed a reply in support of its motion. (Doc. #13).

The case arises out of plaintiff's claim that a federal employee owes him $1,910.00 for a fraudulent check. In October 2010, plaintiff commenced this action in the Justice Court, Las Vegas Township, Clark County, Nevada. The case was later removed to this court on January 18, 2011, by the federal employee. On March 15, 2011, the court substituted defendant United States in place of the federal employee because he was acting within the course and scope of his federal employment. (Doc. #10).

In the present motion to dismiss (doc. #10), defendant asserts that this court lacks subject matter jurisdiction and personal jurisdiction, and that plaintiff has failed to properly state a claim for relief. Plaintiff contends that he properly served the federal employee with the summons and that

**James C. Mahan**
**U.S. District Judge**

he properly stated his claim. (Doc. #12).

I. **Motion to Dismiss**

    A. Lack of Subject Matter Jurisdiction

    Under Federal Rule of Civil Procedure 12(b)(1), a court may dismiss a case for lack of subject matter jurisdiction. Defendant asserts that this case should be dismissed because the court lacks jurisdiction under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671- 2680 ("FTCA") specifically, under §2680(h) which excepts misrepresentation and deceit claims from claims available under the FTCA.

    "[The FTCA] provides the exclusive remedy for tortious claims by the United States," and "claims against the United States for fraud or misrepresentation by a federal officer are absolutely barred by 28 U.S.C. § 2680(h)." *F.D.I.C. v. Craft*, 157 F.3d 697, 706 (9th Cir. 1998); *see also Owyhee Grazing Ass'n, Inc. v. Field*, 637 F.2d 694, 697 (9th Cir. 1981). As plaintiff's claim involves fraud by a federal officer, he is barred from bringing his claim.

    Furthermore, under 28 U.S.C. § 2675(a), a civil action under FTCA shall not be instituted unless the claimant has first presented the claim to the appropriate federal agency and his claim has been finally denied by the agency. The Ninth Circuit has "repeatedly held that this 'claim requirement of section 2675 is jurisdictional in nature and may not be waived.'" *Jerves v. United States*, 966 F.2d 517, 519 (9th Cir. 1992) (citations omitted). Here, plaintiff failed to exhaust executive remedies with the U.S. Department of Veterans Affairs for the tort claim of fraud before commencing the action. (Doc. #14). Thus, dismissal is proper under 28 U.S.C. § 2675(a).

    Lastly, notwithstanding the FTCA, defendant has not waived its sovereign immunity by consenting to suit; thus it cannot be sued. *See McMillian v. Department of Interior*, 907 F. Supp. 322, 325 (D. Nev. 1995) (citing *Block v. North Dakota*, 461 U.S. 273, 287 (1983)). Therefore, there is no subject matter jurisdiction over plaintiff's claim.

    B. Failure to State a Claim

    Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a case for failure to state a claim. Defendant asserts that under the current standards for failure to state a claim, plaintiff has

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  not fulfilled the higher "plausibility" standard to survive dismissal. *See Ashcroft v. Iqbal,* 129 S. Ct.
2  1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint
3  states a plausible claim for relief when its factual content allows the court to draw the reasonable
4  inference that the defendant is liable for the misconduct alleged. *See Iqbal*, 129 S. Ct. at 1949 (citing
5  *Twombly*, 550 U.S. at 556, 570). While Federal Rule of Civil Procedure 8(a) does not require
6  detailed factual allegations ("short and plain statement"), "it demands more than an unadorned, the-
7  defendant-unlawfully-harmed-me accusation." *Id.* (citing *Twombly,* 550 U.S. at 555).

8        Additionally, because this is a fraud claim, the plaintiff must state with "particularity the
9  circumstances constituting the fraud," as well as the other elements which are laid out in the rule.
10 Fed. R. Civ. P. 9(b). "'Statements of the time, place and nature of the alleged fraudulent activities
11 must be included in the complaint.'" *See Graziose v. American Home Products Corp.*, 202 F.R.D.
12 638, 642 (D. Nev. 2001) (citing *Arroyo v. Wheat*, 591 F. Supp. 136, 138-39 (D. Nev. 1984)).

13       Here, plaintiff's allegation, "the defendant owes [me] $1,910.00 for a fraudulent check" (doc.
14 #10), does not state with particularity the fraud that is claimed to have occurred. It does not state the
15 particulars regarding the time, place, nature, nor role of the federal employee in the alleged fraud.
16 Thus, the plaintiff has not properly stated a claim for relief, which warrants dismissal.

17       C. Lack of Personal Jurisdiction, Failure to Properly Serve Process

18       Under Federal Rule of Civil Procedure 4(m), a plaintiff must serve process within 120 days
19 of the complaint being filed. Furthermore, the defendant must be served in accordance with Rule
20 4, or there is no personal jurisdiction. *See Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir.
21 1982) (citations omitted).

22       Additionally, when suing a federal employee for acts occurring within the scope of his or her
23 employment, a party must serve both the United States and the individual employee. *See* Fed. R.
24 Civ. P. 4(i)(3). If the plaintiff can show good cause for failure to timely serve the defendant, the
25 court must extend the time for service for an appropriate period. Fed. R. Civ. P. 4(m).

26       Here, defendant correctly asserts, and the court agrees, that plaintiff failed to serve process
27 on the United States in addition to the federal employee. Plaintiff, in his opposition and sur-reply
28

**James C. Mahan**
**U.S. District Judge**

1 (doc. #12; doc. #14), never contests that he did not properly serve the United States within 120 days,
2 nor claims that he has good cause for not properly serving defendant within this time. (Doc. #14).
3 Thus, there is no personal jurisdiction over defendant.
4     Accordingly,
5     IT IS HEREBY ORDERED ADJUDGED AND DECREED that defendant United States of
6 America's motion to dismiss (doc. # 10) be, and the same hereby is, GRANTED.
7     IT IS FURTHER ORDERED that the above captioned case be, and the same hereby is,
8 DISMISSED.
9     DATED June 21, 2011.

                                                **UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 4 -